Feby. 18th, 1907.

————o————

No. 4127.

(Court of Appeal, Parish of Orleans.)

SUCCESSION OF EUGENE DUPRE.

1. Where judicial interpretation of a tax statute is necessary

to determine whether or not the tax as demanded is imposed by law, the question of legality *vel non* of the tax is raised and the appeal must be taken to the Supreme Court.

2. When the appeal in such case has been taken to this Court, it will not be dismissed but will be transferred to the Supreme Court in accordance with the provisions of Act No. 56 of 1904.

(Appeal from Civil District Court, Division "E."

McCaleb, McCaleb & Leopold, for Administrator.

P. J. Patorno & E. J. Meral, for Opponent, Mis. Dupre.

DUFOUR, J. The administrator of this Succession after settlement of its debts, proceeded by rule against the Clerk of the Civil District Court, ex-officio collector of inheritance taxes for the Parish of Orleans, under section 4 of Act 109 of 1906, and prayed for a judgment decreeing all the heirs to be exempt from the tax imposed by that statute.

The tax collector answered showing that Helen Coleman, adopted daughter of the deceased, had received from the administrator as her inheritance the sum of $5500 cash, on which inheritance tax at the rate of five per cent, viz: $275 was claimed, and the administrator having delivered the inheritance without requiring payment of the tax, personal judgment was demanded against him for the amount of the same under section 6 of the statute, the rights of the State against the heir being reserved. There is no dispute whatsoever as to the facts of this case, and the questions presented are exclusively of law.

The issue tendered is that, as the statute is general in its operation, the adopted child must show, in order to avoid liability, that she comes within one of the exceptions provided by the statute.

As defences she urges:

First—That the right to inherit springs at the moment of the death.

Second—That the tax is levied only on such property as did not bear its just proportion of taxation.

Third—That as the personal property which did not bear its

just proportion of taxation was insufficient to pay the debts, the inheritance tax was defeated.

Fourth—That the proceeds of the real estate were the same as the real estate itself, and as said estate had borne its just proportion of taxation, no inheritance tax is due by the heirs.

Fifth—That as the amount coming to the adopted heir is less than $10,000 no inheritance tax is due.

It is clear, from the foregoing statement, that the question to be decided is as to the legality of the inheritance tax herein claimed, a matter which is not within our jurisdiction.

In 52 An. 2126, the Supreme Court said:

"Defendants resist the imposition of this license tax, in effect claiming that under the law they do not owe it. Whether they owe it or not depends upon the construction to be placed upon the statute heretofore referred to. It is therefore clear that the case presents the question of the legality of the tax thus sought to be imposed. If the statute authorizes the tax collector to demand and collect the same, the tax is legal; otherwise, it is illegal. Judicial determination is necessary to determine this. In such case, the Constitution vests this Court, and it alone, with appellate jurisdiction."

To the same effect is State vs. Orfila, 41 S. R. 227.

It is therefore ordered, adjudged and decreed that this appeal be transferred to the Supreme Court of the State of Louisiana upon the appellant or his attorney of record making out and filing with the Clerk of this Court on or before the 10th day of March, 1907, his affidavit that the appeal herein was not taken for purposes of delay, and, further, upon the said appellant lodging with the Clerk of the Supreme Court of this State on or before the 1st day of April, 1907, a full and complete transcript of this case made and certified to in the manner and form required by the rules of the Supreme Court for transcripts taken directly to that Court, together with a certified copy of this opinion and decree and the affidavit herein referred to, all costs incurred in this Court to be taxed against the appellant.

Feby. 18th, 1907.

Rehearing refused March 11, 1907.